UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| * | CIVIL ACTION NO. |
| COOSEMANS BOSTON, INC.,    * | 1:16-cv- 10097 |
| GARDEN FRESH SALAD CO., INC.,    * | |
| GOLD BELL, INC.,    * | |
| GRANT STANTON PRODUCE COMPANY, INC.,    * | |
| JOHN CERASUOLO CO., INC.,    * | |
| PETER CONDAKES COMPANY, INC.,    * | |
| AND S. STROCK & CO., INC.,    * | |
| * | |
| Plaintiffs    * | |
| * | |
| VS.    * | |
| * | |
| * | |
| PAOLETTI'S FRUIT STORE, INC.,    * | |
| ROBERT R. TIBERII And,    * | |
| WILLIAM P. TIBERII, Individually    * | |
| and as Trustees of T & T REALTY TRUST,    * | |
| And TODD R. TIBERII,    * | |
| * | |
| Defendants    * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

**Jurisdiction and Venue**

1.    Jurisdiction is based upon 7 U.S.C. § 499e©, the Perishable Agricultural Commodities Act,

7 U.S.C. § 499a et seq., [hereinafter "PACA"], and 28 U.S.C. §§ 1331 and 1332.

2.    Venue in this District is based upon 28 U.S.C. § 1391 in that the Plaintiffs and Defendants

have their principal place of business or residence in this District.

**PARTIES**

3.      Plaintiff, Coosemans Boston, Inc. [hereinafter "Coosemans"] is a Massachusetts corporation company, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA.  Coosemans was at all pertinent times and is now licensed as a dealer under PACA, License No. 19930398.

4.      Plaintiff, Garden Fresh Salad Co., Inc., [hereinafter "Garden Fresh"] is a Massachusetts corporation company, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA. Garden Fresh was at all pertinent times and is now licensed as a dealer under PACA, License No. 19681993.

5.      Plaintiff, Gold Bell, Inc., [hereinafter "Gold Bell"] is a Massachusetts corporation company, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA. Gold Bell was at all pertinent times and is now licensed as a dealer under PACA, License No. 19800058.

6.      Plaintiff, Grant Stanton Produce Company, Inc. [hereinafter "Grant Stanton"] is a Massachusetts corporation company, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA.  Grant Stanton was at all pertinent times and is now licensed under PACA, License No. 19961465.

7.      Plaintiff, John Cerasuolo Co., Inc., [hereinafter "Cerasuolo"] is a Massachusetts corporation

company, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA. Cerasuolo was at all pertinent times and is now licensed as a dealer under PACA, License No. 19741495.

8.    Plaintiff, Peter Condakes Company, Inc. ["Condakes"] is a Massachusetts corporation company, with a usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA.  Condakes was at all pertinent times and is now licensed as a dealer under PACA, License No. 19700089.

9.    Plaintiff, S. Strock & Co., Inc. [hereinafter "Strock"] is a Massachusetts corporation, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce pursuant to PACA.  Strock was at all pertinent times and is now licensed under PACA, License No. 19000066.

10.    Defendant, Paoletti's Fruit Store, Inc., is a Massachusetts corporation which does business under the name and style, inter alia, of Paoletti's Fruit & Produce, [hereinafter "Paoletti's"] has an usual place of business in Sturbridge, Worcester County, Massachusetts, and was at all pertinent times engaged in the business of buying of wholesale quantities of Produce in interstate commerce pursuant to PACA.  Paoletti's was at all pertinent times licensed as a dealer under PACA, License No. 19921831.

11.    Defendant, Robert R. Tiberii [hereinafter "Robert Tiberii"] is an officer and director and principal of Paoletti's, and a resident of Sturbridge, Worcester County, Massachusetts.

12.    Defendant, William P. Tiberii [hereinafter "William Tiberii"] is an is an officer and director

and principal of Paoletti's and a resident of Sturbridge, Worcester County, Massachusetts.

13.    Defendant, Todd R. Tiberii [hereinafter "Todd Tiberii"] is an is an officer and director and

principal of Paoletti's, a Trustee of T & T Realty Trust and a resident of Warren, Worcester

County, Massachusetts.

14.    Robert Tiberii and William Tiberii are the Trustees of T & T Realty Trust which was formed

by a written declaration dated March 9, 1999 [hereinafter "T & T Realty Trust"]


GENERAL ALLEGATIONS

15.    This action is brought, inter alia, to enforce the trust provisions of P.L. 98-273, the 1984

amendment to Section 5© of the PACA, 7 U.S.C. §499e©, the "PACA Trust".

16.    The Plaintiffs each sold and delivered to M&M Produce, in interstate commerce or

contemplation thereof, wholesale quantities of produce items in the principal amount of

$222,531.45. as follows:

| PACA Creditor | Sales Dates | Principal PACA Balance Due |
|---|---|---|
| Coosemans | 11/12/15-1/5/16 | $9,014.00 |
| Garden Fresh | 11/23/15-1/5/16 | $4,223.75 |
| Gold Bell | 11/9/15-1/5/16 | $7,744.00 |
| Grant Stanton | 7/13/15-1/5/16 | $25,810.70 |
| Cerasuolo | 9/24/14-1/29/15 | $17,836.00 |
| Condakes | 7/27/15 -1/5/16 | $115,559.50 |
| Strock | 10/29/15-12/1/15 | $40,451.50 |

17.    Paoletti's accepted the goods and produce from the Plaintiffs and each of them.

18.     At the time of receipt of the produce, the Plaintiffs and each of them became beneficiaries in a statutory trust designed to assure payment to produce suppliers. The PACA Trust assets consist of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Paoletti's or third parties since the creation of the trust.

19.     The Plaintiffs and each of them preserved their interests in the PACA Trust in accordance with 7 U.S.C. §499e(c)(3) or (4) remain beneficiaries until full payment is made for the produce.

20.     The Defendants have failed to pay the Plaintiffs Group as required by PACA and Paoletti's ceased operating on or about January 7, 2016.

21.     The Defendants' failure, refusal, and inability to pay the Plaintiffs and any similarly situated PACA Trust creditors, coupled with cessation of operations, demonstrate that Paoletti's has failed to maintain sufficient assets in the PACA Trust to pay the Plaintiffs and has dissipated trust assets.

22.     Robert Tiberii, William Tiberii, Todd Tiberii and T & T Realty Trust, and each of them, have received PACA Trust assets from Paoletti's.


**CLAIMS**

COUNT I
Goods Sold And Delivered - Coosemans

23.     The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

24.     Paoletti's owes Coosmans the sum of $9,014.00 for Produce sold and delivered as more

fully set forth on the account annexed as Exhibit A to the Complaint, incorporated herein

by reference.

WHEREFORE, Coosmans demands judgment against Paoletti's for the sum of $3,921.64, plus

interest at the statutory rate of 12% per annum the due date of each invoices and costs.


COUNT II
Goods Sold And Delivered - Garden Fresh

25.    The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

26.    Paoletti's owes Garden Fresh the sum of $4,223.75 for Produce sold and delivered as more

       fully set forth on the account annexed as Exhibit B to the Complaint, incorporated herein by

       reference.

WHEREFORE, Garden Fresh demands judgment against Paoletti's for the sum of $4,223.755, plus

interest at the rate of 18% per annum from the due date of each invoice, attorneys fees and costs.


COUNT III
Goods Sold And Delivered - Gold Bell

27.    The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

28.    Paoletti's owes Gold Bell the sum of $7,744.00 for Produce sold and delivered as more

       fully set forth on the account annexed as Exhibit C to the Complaint, incorporated herein

       by reference.

WHEREFORE, Gold Bell demands judgment against Paoletti's for the sum of $7,744.00, plus

interest at the rate of 18% per annum from the due date of each invoice, attorneys fees and costs.

## COUNT IV
### Goods Sold And Delivered - Grant Stanton

29.     The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

30.     Paoletti's owes Grant Stanton the sum of $25,810.70 for Produce sold and delivered as more fully set forth on the account annexed as Exhibit D to the Complaint, incorporated herein by reference.

WHEREFORE, Grant Stanton demands judgment against Paoletti's for the sum of $25,810.70, plus interest at the rate of 18% per annum from the due date of each invoice, attorneys fees and costs.

## COUNT V
### Goods Sold and Delivered - Cerasuolo

31.     The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

32.     Paoletti's owes Cerasuolo the sum of $18,736.00 for Produce sold and delivered as more fully set forth on the account annexed as Exhibit E to the Complaint, incorporated herein by reference.

WHEREFORE, Cerasuolo demands judgment against Paoletti's for the sum of $18,736.00, plus interest at the rate of 18% per annum from the due date of each invoice and costs.

## COUNT VI
### Goods Sold And Delivered -Condakes

33.     The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

34.     Paoletti's owes Condakes the sum of $115,559.50 for Produce sold and delivered as more fully set forth on the account annexed as Exhibit F to the Complaint, incorporated herein by reference.

WHEREFORE, Paoletti's demands judgment against Lowell Bros. for the sum of $115,559.50 plus interest at the rate of 18% per annum from the due date of each invoice, attorneys fees and costs.

## COUNT VII
### Goods Sold And Delivered - Strock

35.   The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

36.   Paoletti's owes Strock the sum of $40,451.50 for Produce sold and delivered as more fully set forth on the account annexed as Exhibit G to the Complaint and incorporated herein by reference.

WHEREFORE, NEBCo demands judgment against Paoletti's the sum of $40,451.50 plus interest at the rate of 18% per annum from the due date of each invoice, attorneys fees and costs.

## COUNT VIII
### PACA Trust Enforcement and
### Dissipation of PACA Trust Assets By Responsible Individuals

37.    The allegations in paragraphs 1 through 36 are incorporated as if fully set forth herein.

38.   Plaintiffs sold Produce to Paoletti's in interstate commerce.

39.   Plaintiffs duly delivered said Produce which was accepted by Paoletti's in Chelsea or Everett, Massachusetts.

40.   At the time of the delivery of the Produce to Paoletti's, Plaintiffs, and each of them, became the beneficiaries of a floating, non-segregated statutory trust (the "PACA Trust").

41.     Plaintiffs and each of them duly preserved their status as beneficiaries of the PACA Trust
        and remain beneficiaries until payment in full is made for the Produce.

42.     Paoletti's is required to ensure that it has sufficient PACA Trust assets on hand to pay
        Plaintiffs at the time payment is due.

43.     Until Plaintiffs are paid in full, the PACA Trust Assets consist of:

        a.      All of Paoletti's  produce;

        b.      All of Paoletti's inventory of food and other products derived from produce;

        c.      All of Paoletti's receivables and proceeds from the sale of produce, food and
                other products derived from produce; and

        d.      Any and all assets into which PACA Trust Assets have been transformed,
                commingled or dissipated.

44.     Payment for the Produce is overdue and has not been made by Paoletti's despite demand
        by the Plaintiffs.

45.     Paoletti's has dissipated the PACA Trust assets and has failed to make full payment
        promptly of all amount due to the Plaintiffs from the PACA Trust Assets in violation of
        PACA and the Department of Agriculture regulations promulgated thereunder, 7 C.F.R. §
        46.2 et seq.

46.     Robert Tiberii is and was at all time pertinent a "responsibly connected" person under
        PACA, 7 U.S.C. § 499a(9)(B).

47.     Robert Tiberii was in a position to control the PACA Trust assets.

48.     Upon information and belief, Robert Tiberii did control the PACA Trust assets.

49.     William Tiberii is and was at all time pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B).

50.     William Tiberii was in a position to control the PACA Trust assets.

51.     Upon information and belief, William Tiberii did control the PACA Trust assets.

52.     Todd Tiberii is and was at all time pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B).

53.     Todd Tiberii was in a position to control the PACA Trust assets.

54.     Upon information and belief, Todd Tiberii did control the PACA Trust assets.

Defendants have each failed to fulfill his and its statutory duties to preserve the PACA Trust assets and make full payment promptly to Plaintiffs for the Produce.

55.     The failure of Paoletti's, Robert Tiberii, William Tiberii and Todd Tiberii to maintain the PACA Trust Assets and pay Plaintiffs for the Produce constitutes the unlawful dissipation of PACA Trust assets.

56.     As a result of the acts, neglect and failures of the Defendants, the Plaintiffs have not been paid and suffered great loss and damage.

WHEREFORE, Plaintiffs demand judgment against Paoletti's, Robert Tiberii, William Tiberii and Todd Tiberii , jointly and severally, for the sum of ninety-two thousand two hundred forty-four and 92/100 dollars ($92,244.92), such interest and attorneys fees as are determined to be due to each of the Plaintiffs and costs.

COUNT IX
Recoupment of PACA Trust Assets

57.     The allegations in paragraphs 1 through 58 are incorporated as if fully set forth herein.

58.     On diverse dates Paoletti's paid, conveyed, delivered or otherwise transferred assets subject to the PACA Trust to or for the benefit of T & T Realty Trust.

59.     At the time of such transfers, and each of them, Paoletti's was in default of its obligations to maintain the PACA Trust and to make full payment promptly to the PACA Trust beneficiaries.

60.     At the time of such transfers, and each of them, T & T Realty Trust was aware of the defaults by Paoletti's in its obligations to maintain the PACA Trust and to make full payment promptly to the PACA Trust beneficiaries.

61.     At the time of such transfers, and each of them, T & T Realty Trust was aware that the property transferred was subject to the PACA Trust.

WHEREFORE, Plaintiffs demand that this Court: determine the amounts transferred to or for the benefit of T & T Realty Trust and enter judgment for the Plaintiffs against T & T Realty Trust and its Trustees for said amounts, plus interest from the date of each such transfer.

COUNT X
(Mass. G.L. c. 93A §§ 2, 11)

62.     The allegations in paragraphs 1 through 61 are incorporated as if fully set forth herein.

63.     Plaintiffs, and each of them, are engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

64. Paoletti's is or was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

65. T & T Realty Trust is or was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

66. Robert Tiberii was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

67. William Tiberii was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

68. Todd Tiberii was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

69. Paoletti's purchased and obtained Produce from the Plaintiffs, and each of them, with knowledge or reason to know that it would be unable to make timely payment therefor.

70. Paoletti's purchased and obtained Produce from the Plaintiffs, and each of them, intending that payment would not be timely made therefor.

71. Robert Tiberii, William Tiberii and Todd Tiberii, and each of them, caused or permitted Paoletti's to make the above referenced purchases.

72. Paoletti's, Robert Tiberii, William Tiberii and Todd Tiberii, and each of them, caused or permitted the dissipation of the PACA Trust assets, leaving insufficient PACA Trust assets to make timely payment to the Plaintiffs.

73. Paoletti's, Robert Tiberii, William Tiberii and Todd Tiberii, and each of them transferred assets of the PACA Trust to or for the benefit of T & T Realty Trust with the knowledge that each such transfer was a breach of fiduciary duty.

74.     T & T Realty Trust accepted each such transfer with the knowledge that is was made in

        violation of the fiduciary duties of Paoletti's, Robert Tiberii, William Tiberii and Todd

        Tiberii.

75.     The foregoing acts and practices constitute unfair or deceptive acts and practices.

76.     The unfair and deceptive acts and practices were committed willfully and/or with

        knowledge or reason to known that the same violated G.L. c. 93A §§ 2 and 11.

77.     As a result of the unfair and deceptive acts and practices of Paoletti's, Robert Tiberii,

        William Tiberii and Todd Tiberii, and each of them, the Plaintiffs have suffered and

        continue to suffer great loss and damage.

WHEREFORE, Plaintiffs demand judgment against Paoletti's, Robert Tiberii William Tiberii

and Todd Tiberii, jointly and severally, as follows:

1.      Single damages in the amount of their respective loss and damage;

2.      Multiple damages of at least twice and up to three times the single damage award;

3.      Interest at the greater of the contract rate or the statutory rate from the due date of each

        invoice;

4.      Attorney fees and costs;

5.      Such other and further relief as this court deems just and mete.


## COUNT XI
## REACH AND APPLY

78.     The allegations in paragraphs 1 through 77 are incorporated as if fully set forth herein.

79.     Upon information and belief, Robert Tiberii is a beneficiary of T & T Realty Trust.

80.     Upon information and belief, William Tiberii is a beneficiary of T & T Realty Trust.

81.     The interests of Robert Tiberii and William Tiberii in T & T Realty Trust cannot be

        reached or attached or taken upon an execution.

82.     The interests of Robert Tiberii and William Tiberii in T & T Realty Trust  can be reached

        and applied in satisfaction of their indebtedness to the Plaintiffs as provided in M.G.L. c.

        214 §3(6).

WHEREFORE, Plaintiffs demand that this Court

1.      Establish the amount of the indebtedness of Robert Tiberii and William Tiberii to

        the Plaintiffs, including reasonable attorneys fees, interest and costs;

2.      Determine the interests of Robert Tiberii and William Tiberii, and each of them in

        T & T Realty Trust;

4.      Order that the interests Robert Tiberii and William Tiberii so determined be

        delivered, paid and applied toward satisfaction of the indebtedness of Robert

        Tiberii and William Tiberii to the Plaintiffs; and

7.      Grant such other and further relief as is meet and just.


                                COOSEMANS BOSTON, INC., ET AL,
                                PLAINTIFFS
                                By Their Attorneys
                                OSBORNE & FONTE

                                /s/ Andrew M. Osborne
                                Andrew M. Osborne, BBO#380455
                                20 Eastbrook Road
                                Dedham, MA 02026
                                781-326-3875
                                aosborne@osbornefontelaw.com